## CALDWELL *vs.* CLINE.

Whether the circumstance of a party having an action for damages, prevents his obtaining an injunction?

APPEAL from the court of the first district.

MARTIN J. delivered the opinon of the court. The plaintiff, manager of a theatre in the city of New-Orleans, applied to the court of the parish and city, for an injunction, to prevent the defendant, a

Eastern District.
*March*, 1830.

CALDWELL
*vs.*
CLINE.

rope dancer, whom he had engaged in New-York, performing in another theatre.—— The judge below refused the injunction, and the plaintiff obtained from this court, a rule on the inferior judge, calling on him to show cause, why he did not grant the injunction.

The judge showed cause that,

1. The plaintiff, on a breach of the contract by the defendant, had his remedy in damages.

2. If the judge had power to prevent the defendant from performing, he must have that of compelling him to perform ; and he was ignorant of the means by which the latter power could be enforced.

3. The contract of the parties had no restrictive clause.

The contract, which is annexed to the petition, shows, that in September, 1829, in the city of New-York, the defendant agreed with the plaintiff, to play on the plaintiff's theatre, in New-Orleans, two engagements, of six nights each, commencing on the 10th of February, 1830, with an allowance of ten days for detention.

The plaintiff agreed the defendant should have the surplus of each night's receipts,

Eastern District.
*March*, 1830.

CALDWELL
*vs.*
CLINE.

after a deduction of $250, and further, one clear half of the seventh and fourteenth nights' receipts, as a benefit.

The plaintiff made oath, that the defendant, according to his engagement, performed during five nights, on the plaintiff's theatre, and refused to perform any more, and entered into an engagement to perform in another theatre than the plaintiff's.

We are not ready to say with the parish judge, that as the plaintiff had a claim for damages, on the breach of the contract, he could not, if a proper case had been made, have been entitled to an injunction.

It is unnecessary to examine whether the court's power to enjoin, depends on that of compelling a specific performance, nor by what means the latter power could be exercised.

But we agree with him, that there is nothing alleged here or proved, that the defendant should not perform on any other theatre than the plaintiff's, till he had complied with his engagement with the latter.

It is therefore ordered, that the rule obtained on the parish judge, be discharged, and that the plaintiff pay costs.